UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 3:09-00047 |
| | ) | Senior Judge Nixon |
| **ADRIAN PATTERSON** | ) | |

POSITION OF DEFENDANT ADRIAN PATTERSON WITH RESPECT TO
SENTENCING FACTORS

**COMES NOW** the Defendant, **Adrian Patterson**, by and through his undersigned counsel, and pursuant to *Administrative Order No. 117-3* of the U.S. District Court for the Middle District of Tennessee, hereby identifies the following objections to the *Revised* Presentence Report (disclosed 6/12/12).

I.  **OBJECTIONS TO *REVISED* PRESENTENCE REPORT**

   A.   **¶ 23 –** Defendant Patterson denies that he possessed a firearm.

   B.   **THE TWO-LEVEL FIREARM ADJUSTMENT CONTAINED IN PARAGRAPH 32 OF THE PRESENTENCE REPORT IS NOT SUPPORTED BY THE FACTS OR THE LAW.**

   The Presentence Report assigns 2-levels based upon the trial testimony of Robert Bell regarding Patterson's alleged possession of a firearm located in a vehicle on 12/1/06. *See Revised* PSR at ¶¶ 23 & 32.

   The advisory United States Sentencing Guidelines (Guidelines) contemplate a two (2) level increase in the base offense level for a defendant found guilty of a drug crime "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. §2D1.1(b)(1). In order for the §2D1.1(b)(1) enhancement to apply, the government must prove "(1) that

the defendant 'possessed' the weapon, and (2) that such possession was during the commission of the offense." *United States v. Tisdale, 952 F.2d 934, 937 (6th Cir.1992) (quoting United States v. Sanchez, 928 F.2d 1450, 1460 (6th Cir.1991)).* "Possession 'during the commission of the offense' may be found if the firearm 'could have facilitated [the] illegal [drug] transactions.'" *Id. (quoting United States v. Snyder, 913 F.2d 300, 304 (6th Cir.1990)).* Once the government shows that the defendant was in possession of a weapon, a presumption arises that such possession was connected to the offense. *Id.*; *United States v. Cochran*, *14 F.3d 1128, 1132 (6th Cir.1994).* To avoid application of the enhancement, the defendant must then show that "it is clearly improbable that the weapon was connected with the offense." U.S.S.G. §2D1.1, comment.(n.3); *accord*, *United States v. Hill, 79 F.3d 1477, 1485 (6th Cir.1996); United States v. Calhoun, 49 F.3d 231, 236 (6th Cir.1995).* Application Note 3 states, in pertinent part, as follows:

> The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.

U.S.S.G. §2D1.1, comment.(n.3).

In this case, the presentence report does not allege that Defendant Patterson possessed a firearm while engaged in the distribution of drugs. In *United States v. Peters*, the Sixth Circuit upheld a district court's refusal to grant a sentencing enhancement for possession of a weapon. *15 F.3d 540 (6th Cir.1994).* During a search of Mr. Peters' home, officers located a small plastic bag containing crack cocaine on the corner of a dresser in the defendant's bedroom. A digital pager sat nearby. In a drawer below the

2

cocaine, the officers found a semi-automatic .38 caliber pistol and a fully-loaded magazine in a zippered leather pouch. A search of a pair of Peters' pants found lying on a suitcase next to the bed revealed a roll of cash totaling approximately $988.00. *Peters*, 15 F.3d at 542. The *Peters* Court upheld the district court's judgment, based upon the evidence as a whole, that the pistol was not connected to the drug offense. *Id*. at 546.

Given the state of the record, there is no proof that Mr. Patterson possessed a weapon in connection with drug trafficking. Liability under U.S.S.G. §2D1.1 for possession of a firearm *requires* some connection between the weapon and the offense. The PSR does not establish such a connection. Therefore, the two-level enhancement under U.S.S.G. §2D1.1 is inappropriate.[1]

## II. DEFENDANT PATTERSON PROVIDES NOTICE THAT HE DENIES THE FACT OF PRIOR CONVICTIONS AND CHALLENGES THE CONSTITUTIONALITY OF THE STATUTORY, RECIDIVISM ENHANCEMENT WHICH MANDATES A MINIMUM LIFE SENTENCE IN HIS CASE. *See* PSR at p.1, 22 and ¶ 70.

Defendant Patterson recognizes the current state of the law as codified at 21 U.S.C. §§ 841(b)(1)(A) & 851 and as articulated by the Supreme Court in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). However, it appears that *Almendarez-Torres* may not be valid in light of the *Booker* and *Shepard* decisions. Defendant Patterson suggests that a change in the law is warranted since prior convictions are "facts" used to enhance the sentence and those "facts" exponentially increase Defendant

---

[1] On May 12, 2011, the Sixth Circuit vacated an 18 U.S.C. § 924(c) gun conviction based upon insufficient proof. "We are left, then, with nothing more than the fact that the guns were found in a duffel bag near a relatively small amount of drugs in an apartment in which multiple people lived and in which there is no other evidence indicating that the guns were possessed to facilitate or promote drug trafficking." *United States of America v. Raymond Leary*, No. 09-5418, United States Court of Appeals for the Sixth Circuit, filed 5/12/11.

3

Patterson's minimum mandatory sentence to life. Thus, Defendant Patterson challenges the statutory enhancement. *See*, PSR at p. 1, 22 and ¶ 70.

In 1998, the Supreme Court rendered its 5-4 majority opinion in *Almendarez-Torres v. United States*, holding that recidivist enhancements were sentencing factors, not elements, to be proven to the judge at sentencing by a preponderance of the evidence.[2] *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Then, in 2000, the Supreme Court rendered its decision in *Apprendi v. New Jersey*, declaring that *other than the fact of a prior conviction*, the Sixth Amendment demands that all other factors which enhance a sentence beyond the statutory maximum must be charged and proven beyond a reasonable doubt, or admitted by the defendant. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The *Apprendi* majority made prior convictions the exception to its holding based upon *Almendarez-Torres*. In his concurrence in *Apprendi*, Justice Thomas promised the imminent demise of recidivist enhancements as mere sentencing factors. *Apprendi, supra,* at 520-521, 120 S.Ct. 2348 (THOMAS, J., concurring). Justice Thomas strongly disagreed with the prior conviction exception and announced that his swing-vote with the majority in *Almendarez-Torres* had been wrong. *Id*.

---

[2] In *Jones v. United States*, 526 U.S. 227 (1999), the Supreme Court explained what the fact of prior convictions was constitutionally distinct from other sentence-enhancing facts, such that it was permissible, under *Almendarez-Torres*, to use prior convictions as a sentence enhancer:
> One basis for the constitutional distinctiveness [of prior convictions] is not hard to see: unlike virtually any other consideration used to enlarge the possible penalty for an offense . . . a prior conviction must itself have been established *through procedures satisfying the fair notice, reasonable doubt and jury trial guarantees.*

*Jones*, 526 U.S. at 249 (emphasis added). Thus, *Jones*' acceptance of the prior-conviction exception was rooted in the concept that prior convictions have been, by their very nature, subject to the fundamental procedural protections intended to guarantee the validity of criminal convictions: fair notice, reasonable doubt, and the right to a jury trial.

On June 24, 2004, in *Blakely v. Washington*, the Supreme Court clarified its *Apprendi* decision by defining "statutory maximum." *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Then on January 12, 2005, the Supreme Court applied the Sixth Amendment analysis to the federal sentencing Guidelines and rendered them advisory only. *United States v. Booker*, 125 S. Ct. 738 (2005). Both *Blakely* and *Booker* paid lip service to the "prior conviction" exception.

However, on March 7, 2005, in *Shepard v. United States*, the Supreme Court again raised serious questions about the continued vitality of the "prior conviction" exception. *Shepard v. United States*, 125 S.Ct. 1254 (2005). Although *Shepard* did not reverse *Almendarez-Torres*, it did restricts the facts district courts can consider in determining whether a prior conviction qualifies for the enhanced Armed Career Criminal penalty. *Id*. In *Shepard*, Justice Thomas again expressed reservation about the viability of *Almendarez-Torres* in his concurrence, writing:

> *Taylor* and today's decision thus explain to lower courts how to conduct factfinding that is, according to the logic of this Court's intervening precedents, unconstitutional in this very case. The need for further refinement of *Taylor* endures because this Court has not yet reconsidered *Almendarez-Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which draws an exception to the *Apprendi* line of cases for judicial factfinding that concerns a defendant's prior convictions. *See Apprendi, supra,* at 487-490, 120 S.Ct. 2348. *Almendarez-Torres,* like *Taylor,* has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided. *See* 523 U.S., at 248-249, 118 S.Ct. 1219 (SCALIA, J., joined by STEVENS, SOUTER, and GINSBURG, JJ., dissenting); *Apprendi, supra,* at 520-521, 120 S.Ct. 2348 (THOMAS, J., concurring). The parties do not request it here, but in an appropriate case, this Court should consider *Almendarez-Torres*' continuing viability. Innumerable criminal defendants have been

5

> unconstitutionally sentenced under the flawed rule of *Almendarez-Torres,* despite the fundamental "imperative that the Court maintain absolute fidelity to the protections of the individual afforded by the notice, trial by jury, and beyond-a-reasonable-doubt requirements." *Harris v. United States,* 536 U.S. 545, 581-582, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (THOMAS, J., dissenting).

*Shepard*, 125 S.Ct. at 1263 -1264 (THOMAS, J., concurring).

Given the fact that the Supreme Court's Sixth Amendment jurisprudence is substantially more developed now than it was in 2000 when Justice Thomas first called for the Court to revisit *Almendarez-Torres*, it is clear that the "prior conviction" exception derived from *Almendarez-Torres* will likely be revisited and reversed by the Supreme Court. The Supreme Court avoided revisiting the constitutional question in *Shepard* by construing the Armed Career Criminal statute in a manner that did not require it to rely on *Almendarez-Torres* and by limiting inquiry into the facts of the prior conviction to those already contained in the prior judicial record - thus eliminating affirmative fact-finding by the sentencing judge. Had the *Shepard* Court approached the issues in any other way, it would have required the Court to decide whether such fact-finding is authorized by *Almendarez-Torres*. Given the Supreme Court's Sixth Amendment rulings since *Apprendi*, it seems inescapable that only a jury can make findings that increase the statutory maximum.

Based upon the imminent demise of *Almendarez-Torres*' holding that recidivism is a sentencing factor and for the reasoning set forth in Justice Thomas' concurrence in *Shepard*, Defendant Patterson respectfully suggests that 21 U.S.C. § 841(b) and § 851


6

(both recidivist statutes) are unconstitutional on their face.[3] *Almendarez-Torres* will certainly be overruled by the Supreme Court because prior convictions cannot logically be distinguished from other enhancement factors that increase the statutory maximum. Pursuant to the *Apprendi* line of cases, the Sixth Amendment demands that the fact of a prior conviction likewise must be charged and found by the jury beyond a reasonable doubt, or admitted by the defendant, before the enhanced penalty can apply.[4] Defendant Patterson has not admitted the fact of his alleged prior convictions.[5] He proceeded to trial and invoked the fully protections of his Sixth Amendment right to jury trial. The jury did not pass on the fact of his prior conviction. To re-impanel a jury to pass on those factual contentions now would violate his double jeopardy rights. Consequently, the Court should refuse to engage in fact-finding as to Defendant Patterson's prior convictions, decline to impose a statutory life sentence, and should impose sentence

---

[3] It is a cardinal principle of statutory interpretation that, if there is a "serious doubt" as to a statute's constitutionality, the court must "first ascertain whether a construction of the statute is fairly possible by which the question may be avoided." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (quotations removed). As explained below, that principle must now be applied when deciding whether 21 U.S.C. §§ 841(b) & 851 should be interpreted as requiring that defendants charged with an recidivism enhancement are entitled to the right to a jury trial and reasonable-doubt standard on the issue of the prior drug felony.

[4] Moreover, *Almendarez-Torres* can be distinguished because its vulnerability mandates that it be read narrowly and strictly confined to the facts of that case. Those facts include an *admission* to the prior conviction and a Fifth (not Sixth) Amendment challenge under the due process clause.

[5] In order to preserve this constitutional issue for the record, Defendant Patterson is not admitting the prior convictions alleged in the PSR and in the Information filed by the government. Although not "inquired" by the Court in accordance with 21 U.S.C. §851(b), Defendant Patterson herein provides written notice that he does not admit the prior conviction alleged in the Information filed before the trial of this matter. *See*, 21 U.S.C. §851(c).

7

paying heed only to the statutory minimum (10 years) reflected in the jury's verdict. To do otherwise would violate Defendant Patterson's Sixth Amendment right to jury trial.
.

                                               Respectfully submitted,

                                               TUNE, ENTREKIN & WHITE, P.C.
Suite 1700, Regions Center
315 Deaderick Street
Nashville, Tennessee 37238
(615) 244-2770


S:/ Peter Strianse
PETER J. STRIANSE
Attorney for Defendant Patterson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via the Court's electronic filing system unless not registered and, in that event deposited in the United States mail, postage prepaid, to:

>Sunny A.M. Koshy
>Assistant United States Attorney
>110 Ninth Avenue South
>Suite A961
>Nashville, TN 37203-3870
>
>**Via Email**
>Liberty Lander-Dyer
>United States Probation Officer

This 19th day of June, 2012.

>S/: Peter J. Strianse
>Peter J. Strianse