UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:09-00047-001 |
| v. | ) | |
| | ) | CHIEF JUDGE CRENSHAW |
| ADRIAN PATTERSON | ) | |

**UNITED STATES' OPPOSITION TO DEFENDANT PATTERSON'S MOTION TO WITHDRAW PLEA**

The United States opposes defendant Patterson's motion (DE 461)which seeks to withdraw his guilty pleas to Counts 2, 3, 4, and 5 of the Superseding Indictment. The Court has set a hearing on that motion for July 24, 2018 at 11 a.m.

A. Applicable Standards for Withdrawing a Guilty Plea

The defendant has the burden of proving a fair and just reason for requesting the withdrawal since this Court has already accepted the plea. Fed. R. Crim. P. 11(d)(2)(B); *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1995), *superseded on other grounds by statute as stated in United States v Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000). The purpose of the rule "is to allow a hastily entered plea made with unsure heart and confused mind to be undone." *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998)(quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). The rule is "not designed as a tactical tool allowing a defendant to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.* (internal quotations and citations omitted).

A non-exhaustive list of factors for a court to consider in determining whether the

defendant has carried this burden include:

1. The amount of time between the plea and the motion to withdraw it.
2. The presence or absence of a valid reason to move for withdrawal earlier.
3. Whether the defendant has maintained his innocence.
4. The circumstances underlying the entry of the guilty plea.
5. The defendant's nature and background.
6. The degree to which the defendant has had prior experience in the criminal justice system.

*See United States v. Goddard*, 638 F.3d 490, 493-94 (6th Cir. 2011); *United States v. Lineback*, 330 F.3d 441 (6th Cir. 2003).

If the defendant establishes a fair and just reason for withdrawing his plea, then the court should also consider and weigh the potential prejudice to the government if the motion to withdraw is granted. However, the court need not consider that factor if the defendant fails to show such a reason. *Id.* at 445 (Judge Gilman, concurring)(*citing United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). Furthermore, even if the defendant does establish a fair and just reason for withdrawal, that does not require that the court permit withdrawal; instead, that is simply a prerequisite before the court gains the discretion to permit withdrawal. *United States v. Rosen*, 409 F.3d 535, 545-46 (2d Cir. 2005).

B. Application to this Defendant's Guilty Pleas

1. The defendant did not plead guilty hastily or with an unsure heart; instead, he pled guilty after he had years to consider his options, and waited for about five weeks before alerting the Court to any concern about having pled guilty.

The defendant pleaded guilty to Counts Two, Three, Four, and Five on April 6, 2018. The transcript from that hearing has been filed at Docket Entry 464. These counts relate to drugs, a firearm, and other evidence found in a search of the defendant's residence at 1869 West Court, Clarksville, Tennessee on January 29, 2009 when agents arrested the defendant on the complaint

issued in this case. Thus, the defendant pleaded guilty more than nine years after his arrest in this case.

Kyle Mothershead represented the defendant at the plea hearing, and had represented the defendant in this criminal case as well as in the defendant's pending civil case under 28 U.S.C. §2255 since January, 2017. (DE 418; Case 3:16-CV-02623: DE 11). Mr. Mothershead filed an affidavit in that civil case on August 31, 2017, stating that the defendant had asked him to focus on the open counts of the criminal case, and that Mr. Mothershead had done so. (Case 3:16-CV-02623: DE 17).

The defendant pleaded guilty as referenced above to those open counts about fifteen months later, rather than four months after Mr. Mothershead was appointed as incorrectly asserted in the pending motion. (DE 461, para. 9). The defendant has not alleged any error or deficiency in the Court's plea colloquy, and a review of that transcript shows the Court conducted a thorough and detailed colloquy.

During the colloquy, the defendant verified that he had read the plea petition, talked to Mr. Mothershead about it, did not want any more time to do so, and had good communication with Mr. Mothershead. (DE 464 at 3, 9.) He also explained that he had already proceeded to trial on Count One, and so was familiar with the evidence. The Court then asked, "So you've already seen this evidence at another trial?" The defendant responded, "Yeah, where I was found guilty," The Court verified that he knew he could proceed to trial again, but that the defendant had chosen to plead guilty to these counts without a plea agreement. (DE 464 at 9-11.) The Court also asked, "You've had enough time to think about what you're doing by entering a plea to these four counts?" The defendant answered, "Yes, sir" and also verified that he had personally made the

final decision to plead guilty. (DE 464 at 12.) At the conclusion of the factual statement supporting the guilty plea, the defendant swore that all the information in that statement was true and correct. (DE 464 at 17.) At the conclusion of the hearing, the Court found that the defendant had pleaded guilty knowingly, intelligently, and voluntarily. The Court accepted the defendant's guilty pleas, and set sentencing for July 13, 2018. (DE 464 at 19.)

Despite the defendant's sworn statements in the plea colloquy, the defendant now claims that he did not have the benefit of seeing or the time to review and evaluate the evidence before entering the plea, and vaguely claims that he did not have sufficient advice from counsel, incorrectly asserting that Mr. Mothershead had been appointed just four months earlier. In fact, as shown above, Mr. Mothershead had been appointed for almost four times longer than the defendant incorrectly alleges.

But the defendant actually had even longer to consider his course of action and review the evidence with counsel. In fact, he had over nine years to do so. As the defendant himself told the Court in the plea colloquy, he knew about the evidence relating to the counts at issue here for years. The procedural history of this case shows that the defendant was arrested on a complaint on January 29, 2009, and was initially represented by Glenn Funk who represented him until Peter Strianse began representing him on October 2, 2009. (DE 3, 5, 75). The defense succeeded in having the counts which are the subject of this motion severed from other counts, and the briefing on that motion shows that the defense had been provided discovery as to the evidence found at his residence which is the subject of the pending motion. The instant counts were severed on February 6, 2012, a day before his trial as to Count One began. (DE 215, 227, 241). Thus, the defendant was on the eve of the trial in which he was represented by Mr. Strianse, and so would

have known about all of the evidence on the severed counts well before that date. The defendant proceeded to a jury trial, which lasted from February 7-23, 2012 and resulted in his conviction as charged in Count One. (DE 243-263.)

Judge Nixon then scheduled the trial on the severed counts to begin March 20, 2012 (DE 269.) Thereafter, the defendant moved to dismiss the severed counts on Double Jeopardy grounds, and the United States opposed that motion. Judge Nixon denied the motion. (DE 270-273). The defendant then filed an interlocutory appeal before sentencing, to which the United States responded and requested to proceed to trial on the severed counts. (DE 274, 275). Judge Nixon decided to continue the trial of the severed counts pending disposition of the interlocutory appeal, but set sentencing on Count One for June 20, 2012. The defendant was sentenced to life imprisonment. (DE 277, 290, 302.) His conviction and sentence were affirmed by the Sixth Circuit in October, 2014. The Sixth Circuit also affirmed Judge Nixon's determination that trial on the severed counts would not result in Double Jeopardy, *United States v. Patterson*, 587 Fed. Appx. 878 (2014). The Supreme Court denied *certiorari* on October 9, 2015. (DE 406).

On November 28, 2016, the defendant filed a request to remove Mr. Strianse as his attorney, and Mr. Strianse then filed a motion to withdraw with an accompanying affidavit, which described his extensive work on behalf of the defendant. (DE 415). The Court granted permission to withdraw on January 23, 2017, and Mr, Mothershead began to represent the defendant in the instant case as well as in his civil §2255 action. (DE 417-419). Mr. Mothershead and the defendant appeared for status conferences on April 7, 2017, and August 21, 2017 (DE 422, 431.) The Court likely followed its normal procedure at such hearings and inquired to ensure that the defendant and his counsel were communicating well.

On January 4, 2018, Mr. Mothershead filed a motion stating that the defendant was ready to enter guilty pleas to each of the severed counts without any plea agreement. (DE 442). At some point, the defense must have sought a psychological evaluation of the defendant since a sealed report was filed on March 20, 2018. (DE 445.) The undersigned does not have access to that report, but believes the results of that evaluation may be pertinent to the Court's evaluation of the factors to be considered in deciding this motion. The United States, therefore, requests access to that report for use at the hearing on the pending motion.

After that psychological evaluation was filed, the Court granted the motion to set a change of plea hearing, and set that hearing for April 6, 2018. The plea was entered that day, three months after the defendant had sought to change his plea to guilty. Thus, the guilty pleas the defendant seeks to set aside were not hastily entered, but rather were entered after an extraordinarily long time to review the evidence and his options with both Mr. Strianse and Mr. Mothershead. His colloquy with the Court at the plea hearing also shows that he pled based on his own decisions, rather than with an unsure heart.

Five and a half weeks later, on May 17, 2018, the defendant filed a letter seeking to remove Mr. Mothershead from his civil case (3:16-CV-02623). That letter is the first filing to the undersigned counsel's knowledge which alerted the Court to any qualms the defendant had about having pleaded guilty.

The period of time between the defendant's plea hearing and his first indication that he wanted to withdraw his guilty plea, and certainly the actual filing of a motion to withdraw the plea, weighs against the defendant - especially since the plea itself was years in the making, as summarized above, rather than being hastily entered. After all, he had three months to consider

whether to actually enter the guilty pleas after moving the Court to set such a plea hearing. In the plea hearing, the defendant stated that he did not need any more time to consult with counsel under oath, in direct contradiction of his assertion in the pending motion. That period is substantially beyond the time the Sixth Circuit has deemed to be too long. *Pluta*, 144 F.3d at 973 (The rule is "not designed as a tactical tool allowing a defendant to enter a plea, *wait several weeks*, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.") (emphasis added); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (thirty-six day delay was excessive).

Although defense counsel claims that the defendant began advising Mr. Mothershead that he wanted to withdraw his guilty plea almost immediately, neither Mr. Mothershead nor the defendant filed anything to alert the Court or the United States of that alleged desire to withdraw his guilty plea. The defendant personally wrote the Court expressing his desire to set aside his guilty pleas on May 17, 2017. The defendant could have followed that same course of action when he first allegedly had doubts about his pleas.

2. <u>The defendant has not maintained his innocence.</u>

The defendant's motion baldly states that "Mr. Patterson asserts his innocence." However, the defendant pled guilty in a thorough plea hearing, and agreed that all the facts presented at that hearing in support of his guilty pleas were true and accurate. His "post-plea self-serving statements" that he is not guilty carry little weight since the plea colloquy conclusively establishes that he was guilty of all the offenses. *United States v. Rosen*, 409 F.3d 535, 550 (2d Cir. 2005). Furthermore, "The fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *Id.* at 546, *quoting United States v.*

*Gonzalez*, 970 F.2d1095, 1099-1100 ((2d Cir. 1992). Here, of course, the defendant admitted his guilt in the plea petition, and in the colloquy with the Court.

3. The circumstances surrounding the entry of his guilty pleas.

The circumstances surrounding the entry of the pleas weighs heavily against the defendant. As detailed above, the plea hearing was conducted more than nine years after his initial appearance, and after the filing of multiple motions and obtaining trial continuances. The plea hearing was thorough, and conducted in accordance with the requirements of Fed. R. Crim. P. 11. The defendant has not even alleged any deficiency in the plea colloquy.

4. The defendant's nature and background.

The defendant's nature and background, as well as the degree to which he has had prior experience in the criminal justice system, also weigh against the defendant. As to the defendant's criminal justice experience, the United States notes that this factor relates to whether he had experience in any criminal justice system, rather than in the federal criminal justice system. As the Court is well aware, only an extremely small percentage of defendants have prior federal convictions. *See, e.g., United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011)(defendant's two prior drug trafficking convictions - without noting that they were federal convictions - established that he had sufficient contact with the criminal justice system to "fully understand his rights and the process."); *Pluta*, 144 F.3d at 974 (notes defendant had 25 criminal history points, without specifying that any of them were for federal offenses).

Here, of course, the Court has the unusual situation of a defendant who actually has substantial prior experience in the federal criminal justice system. In addition, he had two prior state felony drug convictions as summarized in the Information Alleging Prior Felony Drug
Convictions. (DE 242) His presentence report for Count One shows that he repeatedly violated diversion and community corrections, which means he would also have appeared in court numerous times to answer to those violations.

The defendant's plea petition (DE 450) shows he is 43 years old, and has an eleventh grade education. His previous presentence report shows he earned his General Equivalency Diploma in 2002 while incarcerated, and that he was a small business owner earning about $3,000 per month for about three years. The offense conduct section of that report also summarizes the trial evidence and shows that the conspiracy the defendant engaged in was an elaborate multi-state business involving over 150 kilograms of cocaine, and that the defendant was an organizer and leader of this organization. All these factors show that the defendant is perfectly capable of making decisions. (PSI, paras. 11-26, 34, 63-65.)

Based on the foregoing, the United States submits that the defendant has not established a fair and just reason to permit him to withdraw his plea, and the defendant's motion should be denied.

4. Permitting withdrawal of the pleas would cause prejudice.

Although the question of whether there is prejudice to the United States is to be addressed only after the defendant establishes a fair and just reason to withdraw his guilty pleas, the United States provides the following as nonexhaustive examples of prejudice. Through the defendant's prolonged continuances to evaluate his decision, and then his guilty plea, the defendant has delayed trial in this case for years and has wasted judicial and prosecutorial resources. Although the defendant asserts there is no prejudice simply because the United States had planned to take this case to trial, that can be said of every criminal case that ends up in the District Court. Prejudice

here is not only to the Executive and Judicial branches, but also to the public, which also has a right to a speedy trial which will have been denied if the defendant is permitted to withdraw his guilty pleas in the particular circumstances of this case as summarized above,

Furthermore, the plea process envisions a solemn procedure which is taken seriously in advance of the hearing and which leads to finality. The defendant was administered an oath by this Court, and now apparently contends that he lied under oath when making multiple statements in which he stated that he was guilty and that the facts presented were true. Permitting withdrawal of the defendant's solemn pleas under these circumstances is unwarranted and prejudices the government's, the Court's, and the public's interests in preserving the plea process and gaining finality. *United States v. Timmreck*, 441 U.S. 780, 784 (1979).

Based on the above, the United States requests the Court conduct the hearing as scheduled, and to thereafter deny the defendant's motion to withdraw his guilty pleas.

Respectfully submitted,

DONALD Q. COCHRAN
UNITED STATES ATTORNEY
By: *s/ Sunny A.M. Koshy*
SUNNY A.M. KOSHY
Assistant United States Attorney
110 9th Avenue South, Suite A-96l
Nashville, Tennessee 37203
Phone: 615-736-5151

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing has been served by the Court's ECF notification system this 20th day of July, 2018, on Thomas J. Drake, Counsel for Defendant Patterson, through the Court's Electronic Filing System.

*s/ Sunny A.M. Koshy*
SUNNY A.M. KOSHY